**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**MARK STULTZ,**

**Plaintiff,** **CASE NO.: 3:26-cv-02825-BJD-SJH**

**v.**

**JEA,**

**Defendant.**
**_________________________________/**

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, JEA ("Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial filed by Plaintiff, Mark Stultz ("Plaintiff"), and states as follows:

## NATURE OF THE ACTION

1. Defendant admits that Plaintiff brings this action alleging violations under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. Defendant denies that any violation of law or wrongdoing occurred and further denies that Plaintiff is entitled to any form of relief or that Defendant bears any liability to Plaintiff whatsoever in connection with the claims asserted.

2. Defendant admits that Plaintiff brings an action for violations under the Florida Civil Rights Act of 1992 (“FCRA”), Section 760.01, *et seq*., Florida Statutes. Defendant denies that any violation of law or wrongdoing occurred and further denies that Plaintiff is entitled to any form of relief or that it is liable to Plaintiff.

**PARTIES**

3. Defendant admits Plaintiff is a natural person. Defendant admits that Plaintiff was an employee of Defendant from January 31, 2022, through August 9, 2024, otherwise denied.

4. Upon information and belief, Defendant admits that Plaintiff is a resident of Duval County, Florida for jurisdictional purposes only, and admits that Plaintiff performed work for Defendant in Duval County, Florida. Defendant denies that any unlawful adverse employment action occurred.

5. Upon information and belief, Defendant admits that Plaintiff was over forty years old at the time of his separation but denies the remaining allegations and inferences in Paragraph 5 of the Complaint and denies liability to Plaintiff in any respect.

6. The allegations in Paragraph 6 comprise legal conclusions to which no response is required. However, to the extent that a response is required, Defendant admits only that Plaintiff was over the age of forty and that the language of the ADEA and FCRA speaks for itself. Defendant denies that any violation of law or

wrongdoing occurred and further denies that Plaintiff is entitled to any form of relief, or that Defendant bears any liability to Plaintiff whatsoever in connection with the claims asserted. Defendant denies all remaining allegations in Paragraph 6, whether direct or indirect, that are not expressly admitted or denied herein.

**7.** Admitted for jurisdictional purposes only.

8. Defendant admits that Plaintiff was, up to and until August 9, 2024, an employee of Defendant, otherwise denied.

9. Admitted.

10. Admitted.

11. The allegations in Paragraph 11 comprise legal conclusions to which no response is required. Subject to this statement, Defendant admits the allegations.

12. The allegations in Paragraph 12 comprise legal conclusions to which no response is required. Subject to this statement, Defendant admits the allegations.

**JURISDICTION AND VENUE**

13. Admitted for jurisdictional purposes only.

14. Admitted for jurisdictional purposes only.

15. Defendant admits that Plaintiff purports to bring an action for unlawful practices which allegedly occurred in Duval County, Florida and that venue is proper within the Middle District of Florida, Jacksonville Division. Defendant denies that any violation of law or wrongdoing occurred and further denies that Plaintiff is

entitled to any form of relief. Defendant denies all remaining allegations in Paragraph 15, whether direct or indirect, that are not expressly admitted or denied herein.

## ADMINISTRATIVE PREREQUISITES

16. Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC, Charge No. 510-2024-11639. Defendant is without knowledge as to when the charge was filed and, accordingly, denies that it was filed on September 23, 2024. Defendant is without knowledge as to whether the charge was dual-filed with the Florida Commission on Human Relations and, accordingly, denies same. Defendant denies that any violation of law or wrongdoing occurred and further denies that Plaintiff is entitled to any form of relief. Defendant denies all remaining allegations in Paragraph 16, whether direct or indirect, that are not expressly admitted or denied herein.

17. Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC, Charge No. 510-2024-11639. Defendant admits that it notified Plaintiff on July 26, 2024, that his position was being eliminated and that his employment would be separated. Defendant is without knowledge as to when Plaintiff filed the charge and, accordingly, denies that it was filed within three hundred or three hundred sixty-five days of the notice of position elimination. Defendant further

denies all remaining allegations in Paragraph 17, whether direct or indirect, that are not expressly admitted or denied herein.

18. The allegations in Paragraph 18 constitute legal conclusions to which no response is required. However, to the extent that a response is required, Defendant denies all allegations in Paragraph 18, whether direct or indirect.

19. Upon information and belief, admitted.

20. Upon information and belief, admitted.

21. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same.

22. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same.

23. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint and, therefore, denies the same.

24. Defendant denies the allegations alleged in Paragraph 24 of the Complaint and demands strict proof thereof.

**GENERAL ALLEGATIONS**

25. Admitted.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Admitted.

28. Defendant admits only that Plaintiff received an overall rating of meets expectations for fiscal year 2022 and exceeds expectations for fiscal year 2023, otherwise Defendant denies the allegations in Paragraph 28 of the Complaint and notes that Plaintiff's mid-year evaluation for 2024 indicated he was behind on certain goals.

29. Defendant denies the allegations alleged in Paragraph 29 of the Complaint as phrased.

30. Defendant denies the allegations alleged in Paragraph 30 of the Complaint as phrased.

31. Defendant denies the allegations alleged in Paragraph 31 of the Complaint and demands strict proof thereof.

32. Admitted.

33. Admitted that Defendant's Board of Directors undertook to retain a third-party business excellence consulting firm, otherwise Defendant denies the allegations in Paragraph 33 of the Complaint, including footnote 1, as phrased.

34. Defendant denies the allegations alleged in Paragraph 34 of the Complaint as phrased.

35. Defendant admits only that on July 26, 2024, Defendant notified Plaintiff that his position as Vice President, Communications was being eliminated and that his employment would end effective August 9, 2024. Defendant denies that the consultant had not delivered any findings or recommendations regarding JEA's structure before July 26, 2024, as the consultant had, in fact, provided some preliminary findings and/or recommendations before July 26, 2024. Defendant further denies all other allegations alleged in Paragraph 35 except as specifically admitted herein.

36. Upon information and belief, admitted that Plaintiff was over the age of forty (40) at the time of his separation, otherwise denied as phrased.

37. Defendant admits that Plaintiff's position was eliminated as a result of restructuring, but denies all other allegations as phrased in Paragraph 37 of the Complaint.

38. Defendant denies the allegations alleged in Paragraph 38 of the Complaint.

39. Admitted that two employees whose Vice President positions were eliminated returned to Director-level positions they previously held, otherwise denied as phrased.

40. Defendant denies the allegations alleged in Paragraph 40 of the Complaint as phrased.

41. Defendant denies the allegations alleged in Paragraph 41 of the Complaint and demands strict proof thereof.

42. Defendant denies the allegations as phrased in Paragraph 42 of the Complaint.

43. Defendant denies the allegations alleged in Paragraph 43 of the Complaint.

44. Defendant denies the allegations alleged in Paragraph 44 of the Complaint.

45. Defendant denies the allegations alleged in Paragraph 45 of the Complaint.

46. Defendant denies the allegations alleged in Paragraph 46 as phrased.

47. Defendant denies the allegations alleged in Paragraph 47 of the Complaint.

48. Admitted that Plaintiff's position was eliminated and that Defendant offered Plaintiff a severance package, otherwise denied as phrased.

49. Defendant denies the allegations alleged in Paragraph 49 of the Complaint.

50. Admitted as to Defendant's understanding that the ADEA and the FCRA prohibit age discrimination in employment, otherwise Defendant denies the

allegations in Paragraph 50 and maintains that it complied with the ADEA and FCRA.

51. Defendant denies the allegations alleged in Paragraph 51 of the Complaint and demands strict proof thereof.

52. Defendant denies the allegations alleged in Paragraph 52 of the Complaint and demands strict proof thereof.

53. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 53 of Plaintiff's Complaint and, therefore, denies the same.

**COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

54. Defendant reincorporates and repleads its responses to Paragraphs 1–53 as if fully stated herein.

55. The allegations in Paragraph 55 comprise legal conclusions to which no response is required. However, to the extent that a response is required, Defendant admits only that the language of the ADEA speaks for itself. Defendant denies that any violation of law or wrongdoing occurred and further denies that Plaintiff is entitled to any form of relief, or that Defendant bears any liability to Plaintiff whatsoever in connection with the claims asserted. Defendant denies all remaining allegations in Paragraph 55, whether direct or indirect, that are not expressly admitted or denied herein.

56. Upon information and belief, Defendant admits that Plaintiff was over forty (40) years of age at the time of his separation, otherwise Defendant denies all other allegations alleged in Paragraph 56 of the Complaint.

57. Defendant denies the allegations alleged in Paragraph 57 of the Complaint.

58. Defendant denies the allegations alleged in Paragraph 58 of the Complaint.

59. Defendant denies the allegations alleged in Paragraph 59 of the Complaint and demands strict proof thereof.

60. Defendant denies the allegations alleged in Paragraph 60 of the Complaint and demands strict proof thereof. Further, Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE Paragraph following Paragraph 60 of the Complaint.

**COUNT II: AGE DISCRIMINATION IN VIOLATION OF THE FCRA**

61. Defendant reincorporates and repleads its responses to Paragraphs 1–53 as if fully stated herein.

62. The allegations in Paragraph 62 comprise legal conclusions to which no response is required. However, to the extent that a response is required, Defendant admits only that the language of the FCRA speaks for itself. Defendant denies that any violation of law or wrongdoing occurred and further denies that Plaintiff is

entitled to any relief of any kind, or that Defendant bears any liability to Plaintiff whatsoever in connection with the claims asserted. Defendant denies all remaining allegations in Paragraph 62, whether direct or indirect, that are not expressly admitted or denied herein.

63. Defendant denies the allegations alleged in Paragraph 63 of the Complaint.

64. Defendant denies the allegations alleged in Paragraph 64 of the Complaint. Further, Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE Paragraph following Paragraph 64 of the Complaint.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff has demanded a trial by jury but denies that Plaintiff is entitled to a jury trial on any claim or issue not triable by jury as a matter of right, including claims for equitable relief and denies there are any meritorious issues to be tried.

## GENERAL DENIAL, AFFIRMATIVE DEFENSES, AND OTHER DEFENSES

## GENERAL DENIAL

Defendant denies each and every allegation of the Complaint that is not specifically admitted, including all captions and headers, demands strict proof thereof, and requests that Plaintiff's Complaint be dismissed in its entirety.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses and affirmative defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden. Defendant asserts the following affirmative and other defenses to the Complaint:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

**SECOND DEFENSE**

Any employment actions taken with respect to Plaintiff were based on legitimate, non-discriminatory business reasons and factors other than age.

**THIRD DEFENSE**

Defendant took affirmative measures and made good faith efforts to prevent discrimination, and thus, cannot be liable for the decisions of its agents or for liquidated damages to the extent the challenged employment decisions were contrary to their efforts to comply with anti-discrimination statutes.

**FOURTH DEFENSE**

Plaintiff's claims of discrimination are barred because Defendant would have reached the same decisions regarding Plaintiff's employment, absent any consideration of Plaintiff's age. At all times, Defendant's decisions were based on legitimate, non-discriminatory and lawful business reasons.

**FIFTH DEFENSE**

Plaintiff's claims for damages are barred or limited to the extent it is shown he engaged in misconduct prior to, during, or in connection with his application for employment and/or employment that otherwise would have resulted in his termination or not being hired if such conduct were then known to Defendant.

**SIXTH DEFENSE**

Plaintiff's damages, if any, should be reduced by any benefits Plaintiff received from collateral resources or other off-sets or recoupments, including the accrued leave paid to Plaintiff upon his separation and the severance pay that Plaintiff would have received had he executed the separation agreement offered to him.

**SEVENTH DEFENSE**

Plaintiff's claims for damages are barred, in whole or in part, to the extent he failed to take reasonable steps to mitigate his damages.

**EIGHTH DEFENSE**

To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitations and/or are otherwise barred or preempted, Plaintiff is not entitled to recovery with respect to such claims.

**NINTH DEFENSE**

Plaintiff's claims for age discrimination under the ADEA and the FCRA are barred to the extent that Plaintiff failed to timely exhaust his administrative remedies, including to the extent such claims exceed the scope of EEOC Charge No. 510-2024-11639.

**TENTH DEFENSE**

Defendant is an independent agency of the City of Jacksonville and is entitled to sovereign immunity except to the extent expressly waived by law. To the extent Plaintiff recovers on his FCRA claim, any such recovery is limited by section 768.28, Florida Statutes, and section 760.11(5), Florida Statutes, and Plaintiff is not entitled to recover punitive damages or prejudgment interest against Defendant.

**ELEVENTH DEFENSE**

Defendant has well-disseminated and consistently enforced policies against discrimination, as well as reasonable and available procedures for receiving and investigating complaints of alleged discrimination. To the extent Plaintiff failed to use or otherwise avail himself of these policies and procedures, his claims of discrimination are barred and/or his recovery of damages is limited.

**TWELFTH DEFENSE**

Plaintiff's claims fail and/or his recovery of damages is limited because Defendant exercised reasonable care to prevent and promptly correct any alleged

discriminatory behavior, and/or Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities or to avoid harm otherwise.

**THIRTEENTH DEFENSE**

Any alleged discrimination or other misconduct by any employee of Defendant regarding Plaintiff, which Defendant does not concede as having occurred, was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed or otherwise approved by Defendant; thus, any actions cannot be attributed or imputed to Defendant.

**FOURTEENTH DEFENSE**

To the extent it is learned through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and unclean hands, and to the extent he failed to satisfy conditions precedent to suit.

**FIFTEENTH DEFENSE**

All or part of Plaintiff's alleged pain and suffering was the result of other personal experiences unrelated to the facts and circumstances set forth in the Complaint.

**SIXTEENTH DEFENSE**

Defendant is entitled to recover its costs of court and attorneys' fees for the defense of Plaintiff's action to the extent this action is found to be frivolous and without foundation in law or fact.

**SEVENTEENTH DEFENSE**

Plaintiff's claims of discrimination are barred on the grounds that, even if any decisions concerning Plaintiff were based in part on Plaintiff's age, which they were not, Plaintiff's age was not the "but for" reason for the complained of action(s).

**EIGHTEENTH DEFENSE**

Plaintiff's claims for damages under the ADEA are barred to the extent that he seeks damages for emotional distress, pain and suffering, or punitive damages, which are not available under the ADEA.

**NINETEENTH DEFENSE**

Defendant is not liable for liquidated damages under the ADEA because Defendant's conduct does not constitute a willful violation. Defendant did not know or show malice or reckless disregard for whether its conduct was prohibited.

**TWENTIETH DEFENSE**

Plaintiff's claims for damages are barred or limited because he cannot recover duplicative damages for the same alleged injury and cannot recover both liquidated damages and prejudgment interest.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend or supplement its Answer and Affirmative Defenses to the Complaint, including any of its denials, requests for

relief, defenses, and affirmative defenses based on information that may become known during the course of litigation and discovery of this matter.

WHEREFORE, Defendant respectfully requests that Plaintiff's claims and requests for relief in the Complaint be denied in their entirety, that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant, that Defendant be awarded its costs and attorneys' fees where authorized by law, and that this Court award such other relief as it deems just and proper.

DATED this 10th day of November 2026.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

By: *<u>/s/Lori K. Mans</u>*
Lori K. Mans
Florida Bar No. 12024
Lori.Mans@jacksonlewis.com
Robert J. Merritt, Jr.
Florida Bar No. 1075674
Robert.Merritt@jacksonlewis.com
JacksonvilleDocketing@jacksonlewis.com

*Attorneys for Defendant JEA*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of November 2026, a true and correct copy of the foregoing was electronically filed with the Court by using the CM/ECF system, which serves electronic notification on the following counsel of record:

Alexandra E. Underkofler, Esq.
James C. Poindexter, Esq.
T.A. ("Tad") Delegal, III, Esq.
Delegal Poindexter & Underkofler, P.A.
424 East Monroe Street
Jacksonville, FL 32202
tad@delegal.net
james@delegal.net
alex@delegal.net
office@delegal.net
*Attorneys for Plaintiff*

*/s/Lori K. Mans*
Attorney

4934-5043-3760, v. 1